# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 97-20111
Summary Calendar

JAMES M. RUTLEDGE; PAUL L. RUTLEDGE, SR. ESTATE,

Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA; DEPARTMENT OF HEALTH,
EDUCATION, AND WELFARE; UNITED STATES PUBLIC
HEALTH SERVICE; THE UNITED CENTER FOR DISEASE
CONTROL; CASPER WEINBERGER, SECRETARY HEW;
CHARLES C. EDWARDS; JOHN DOE, SECRETARY, SECTIONS
A THROUGH Z; JOHN DOE, CHIEF, SECTIONS A THROUGH
Z; JOHN DOE, ASSISTANT CHIEF, SECTIONS A THROUGH Z;
THE STATE OF TEXAS; THE STATE OF TEXAS BOARD OF
HEALTH; TEXAS STATE HEALTH OFFICER AND EXECUTIVE
DIRECTOR; MEMORIAL FUND CORPORATION; STATE BOARD
OF INSURANCE; STATE CORPORATION BOARD; D.H. STANNARD;
E.C. WHITE; C.C. SHULLENBERGER, DOCTOR; R. FRANKEN,
DOCTOR; W.D. SEYBOLD; R.G. DAWSON; WHEELER S. BOOTH,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3025)

October 2, 1998

Before POLITZ, Chief Judge, JOLLY and DUHÉ, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James M. Rutledge contends that the district court erred in dismissing his allegations against the United States, federal agencies, and federal officials for lack of jurisdiction. For the reasons assigned, we affirm.

## Background

Rutledge, personally and as executor of the estate of his father, Paul L. Rutledge, Sr., sued the United States, various federal agencies, and the heads of those agencies.[1] Rutledge alleged that during the 1950s the Department of Defense and other federal organizations directed personnel at the M.D. Anderson Hospital to conduct human radiation experiments upon his father. Rutledge invoked jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1346(b) for his allegations under the Federal Tort Claims Act,[2] Section 1983,[3] and **Bivens**.[4] The district court dismissed for lack of jurisdiction. Rutledge timely appealed.

## Analysis

We review dismissals for lack of jurisdiction under Rule 12(b)(1) and 12(b)(6) *de novo*, accepting the allegations of the complaint.[5]

1. Federal Tort Claims Act

The district court dismissed the FTCA claims for lack of subject matter

---

[1] Rutledge also sued the State of Texas, its departments, its department heads, and other individuals, but this appeal does not concern those allegations.

[2] 28 U.S.C. §§ 2671-2680.

[3] 42 U.S.C. § 1983.

[4] **Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics**, 403 U.S. 388 (1971).

[5] **Vander Zee v. Reno**, 73 F.3d 1365 (5th Cir. 1996).

jurisdiction for failure of exhaustion of administrative remedies as required by 28 U.S.C. § 2675(a). Rutledge concedes that he did not present his claim to any federal agency but, he contends - for the first time on appeal - that the United States should be equitably estopped from raising this jurisdictional bar. Controlling precedent requires that we treat as waived arguments raised for the first time on appeal, absent grave injustice.[6] No such injustice would result herein. More importantly in the case at bar, only Congress can waive the immunity of the United States from tort suits.[7] We may not deviate from Congress's clear statutory requirement: One first must have "presented the claim to the appropriate Federal agency . . . ."[8] The district court did not err in dismissing the FTCA claims for lack of subject matter jurisdiction.

2. Section 1983

The district court dismissed the Section 1983 claims because there is no allegation of any violation of federal rights committed under color of state law. The trial court therefore properly concluded that the complaint failed to state a cause of action upon which relief could be granted under the statute and dismissed same under Fed.R.Civ.P. 12(b)(6). To survive a Rule 12(b)(6) challenge, the complaint must allege the deprivation of a federally protected right and that the

---

[6] **McClellon v. Lone Star Gas Co.**, 66 F.3d 98 (5th Cir. 1995).

[7] **United States v. Mitchell**, 445 U.S. 535 (1980).

[8] 28 U.S.C. § 2675(a).

3

person who deprived the plaintiff of that right acted under color of state law.[9] That requisite has not been met herein. Rutledge does not allege that the United States, its agencies, or its officials acted under the color of state law.[10]

### 3. **Bivens** Actions

Rutledge correctly notes that Section 1331 provides a district court with subject matter jurisdiction over **Bivens** claims. Nevertheless, the district court lacked jurisdiction over the **Bivens** claims. Rutledge sued the federal officials in their official capacity, rather than in their individual capacity. Because we must treat such official capacity suits as suits against the sovereign,[11] Rutledge is invoking federal jurisdiction for a **Bivens** action against the United States. For jurisdiction to be proper in such an action, the United States must have consented.[12] Rutledge claims the FTCA as a source for such consent, but that statute is of no avail. Constitutional torts are not actionable under the FTCA.[13] We perforce must conclude that the district court lacked jurisdiction to hear the asserted **Bivens** claims.

Finally, Rutledge seeks leave to amend his complaint to cure the "official capacity" defect. Leave to amend is not appropriate when amendment would be

---

[9] 42 U.S.C. § 1983; **Barnes v. Lehman**, 861 F.2d 1383 (5th Cir. 1988).

[10] **Id.**

[11] **Kentucky v. Graham**, 473 U.S. 159 (1985); **Bennett v. Pippin**, 74 F.3d 578 (5th Cir.), cert. denied, 117 S.Ct. 68 (1996).

[12] **Mitchell**, 445 U.S. at 538.

[13] **Federal Deposit Ins. Corp. v. Meyer**, 510 U.S. 471 (1994); **Sanchez v. Rowe**, 870 F.2d 291 (5th Cir. 1989).

4

futile.[14]  Here, a remand with leave to amend would prove futile because the Texas statute of limitations stands as a bar to the **Bivens** claims.[15]  That leaves only the "relation back" concept which provides no surcease herein.  Although claims may be related back to the date of their initial filing under Fed.R.Civ.P. 15, relation back in this instance would be futile because Rutledge failed to notify the named defendants of his suit.[16]  Also, relation back is inapplicable because under our precedents Rule 15(c) does not permit substitution of named defendants for "John Doe" defendants.[17]

Appellants' motion for judicial notice of their appendix is denied.

The judgment appealed is AFFIRMED.

---

[14] **Federal Deposit Ins. Corp. v. Conner**, 20 F.3d 1376 (5th Cir. 1994).

[15] TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon 1996); **Alford v. United States**, 693 F.2d 498 (5th Cir. 1982) (looking to state law for statute of limitations in **Bivens** claim).

[16] **Jacobsen v. Osborne**, 133 F.3d 315 (5th Cir. 1998).

[17] **Id.** at 320-21.